**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4357**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER JAMES REDDEN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:17-cr-00933-TMC-1)

Submitted:  May 25, 2021                       Decided:  May 27, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John M. Ervin, III, ERVIN LAW OFFICE, Darlington, South Carolina, for Appellant. Sloan Price Ellis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher James Redden pled guilty, pursuant to a written plea agreement, to one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Redden to 180 months' imprisonment and 4 years of supervised release. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the court's compliance with Fed. R. Crim. P. 11 when accepting Redden's guilty plea, and the reasonableness of Redden's sentence. Redden has filed a pro se supplemental brief challenging the propriety of the career offender sentencing enhancement. The Government declined to file a brief. We affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *Williams*, 811 F.3d at 622; *see also United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991). A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).

Because Redden did not move to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Redden "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id*. at 816. "In the Rule 11 context, this inquiry means that [Redden] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id*. (internal quotation marks omitted). We conclude that the district court complied with Rule 11. Moreover, the court ensured that Redden entered the plea knowingly and voluntarily and that sufficient facts supported the plea. *See Fisher*, 711 F.3d at 464 (summarizing standard as to the voluntariness of guilty pleas). Accordingly, we affirm Redden's conviction.

Redden also questions the reasonableness of the sentence imposed. We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's Sentencing Guidelines range. *Id*. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances . . . ." *Id*. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

At sentencing, the district court adopted Redden's correctly calculated Guidelines range of 267 to 327 months' imprisonment, resulting from the career offender enhancement and a 3-level reduction for acceptance of responsibility. The court adopted the presentence report's findings, which correctly stated that two of Redden's prior convictions constituted felony convictions of controlled substance offenses under U.S. Sentencing Guidelines Manual § 4B1.1 (2016). The court afforded counsel an opportunity to argue regarding an appropriate sentence, and afforded Redden an opportunity to allocute. In explaining its partial grant of Redden's motion for a downward variance, the court reasoned that Redden had a difficult childhood, suffered from medical issues, and sought to improve his life. Finally, the court weighed the 18 U.S.C § 3553(a) factors it deemed most relevant, particularly Redden's prior criminal history, the serious nature of the offense, promoting respect for the law, and protecting the public from further crimes. We conclude that Redden has failed to rebut the presumption of reasonableness that we afford his below-Guidelines sentence. Thus, Redden's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Redden, in writing, of the right to petition the Supreme Court of the United States for further review. If Redden requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Redden.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*